IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

SHEET METAL WORKERS LOCAL 100
(BALTIMORE AREA) HEALTH AND       *
WELFARE FUND, by its Trustee,
Edward Whalen       *
4705 Erdman Avenue
Baltimore, Maryland 21205       *

and       *

SHEET METAL WORKERS LOCAL 100       *
(BALTIMORE AREA) ANNUITY PLAN
AND TRUST, by its Trustee,       *
Edward Whalen
4705 Erdman Avenue       *
Baltimore, Maryland 21205
      *
and                                      Civil Action No.
      *
SHEET METAL WORKERS LOCAL
UNION NO. 100 APPRENTICESHIP       *
FUND OF THE BALTIMORE AREA,
by its Trustee, Edward Whalen       *
4705 Erdman Avenue
Baltimore, Maryland 21205       *

         Plaintiffs       *

v.       *

R.E.L. SCHNEIDER CO., INC.       *
4804 Curtis Avenue
Baltimore, Maryland 21226       *

Serve: Robert E. L. Schneider, Jr.       *
        Resident Agent
        4804 Curtis Avenue       *
        Baltimore, Maryland 21226
      *
         Defendant.
*     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT

### Jurisdiction

1.     The jurisdiction of this Court is based upon section 502(e) of the Employee

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e).

### Parties

2.     Plaintiff Sheet Metal Workers Local 100 (Baltimore Area) Health and Welfare

Fund ("Health Fund") is an employee welfare benefit plan as defined in section 3(1) of ERISA,

29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or

activity affecting commerce and by an employee organization representing employees in an

industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C.

§ 1003(a).  John R. Shields, Jr., is a duly appointed and authorized Trustee of the Health Fund, a

fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a

member of the Joint Board of Trustees of the Health Fund, which Joint Board of Trustees is the

plan sponsor of the Health Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C.

§ 1002(16)(B)(iii).

3.     Plaintiff Sheet Metal Workers Local 100 (Baltimore Area) Annuity Plan and

Trust ("Annuity Fund") is an employee pension benefit plan as defined in section 3(2) of ERISA,

29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or

activity affecting commerce and by an employee organization representing employees in an

industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C.

§ 1003(a).  Edward Whalen, is a duly appointed and authorized Trustee of the Annuity Fund, a

fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a

member of the Joint Board of Trustees of the Annuity Fund, which Joint Board of Trustees is the

plan sponsor of the Annuity Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

4.     Plaintiff Sheet Metal Workers' Local Union No. 100 Apprenticeship Fund of the Baltimore Area ("Apprenticeship Fund") is an employee pension benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  Edward Whalen, is a duly appointed and authorized Trustee of the Apprenticeship Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the Joint Board of Trustees of the Apprenticeship Fund, which Joint Board of Trustees is the plan sponsor of the Apprenticeship Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5.     Defendant R.E.L. Schneider Co., Inc. ("R.E.L. Schneider") is a corporation organized and existing under the laws of the State of Maryland, which employs persons in the State of Maryland, in the sheet metal trade.  Defendant R.E.L. Schneider is an employer, as defined in section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of section 2(7) of the LMRA, 29 U.S.C. § 152(7).  Further, Defendant R.E.L. Schneider is an employer as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## Collective Bargaining Agreement

6.      At all times relevant to this action, R.E.L. Schneider was signatory and subject to a collective bargaining agreement with Sheet Metal, Air, Rail, and Transportation Local 100 (Baltimore Area) (SMART Local 100).

7.      The collective bargaining agreement with SMART Local 100 provides for the rates of pay, wages, hours of employment and other conditions of employment for employees of R.E.L. Schneider covered by said agreement.  The SMART Local 100 collective bargaining agreement specifically provides for the payment by R.E.L. Schneider to the Health Fund, Annuity Fund, and Apprenticeship Fund of specified sums for each hour worked by each of the employees of R.E.L. Schneider covered by said agreement.  All payments are to be made by the 15th day of the month following the month in which the hours were worked, and such contributions are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees, and the amounts owed to each Fund.

## Trust Agreements

8.      Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires the Court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions.  In the absence of a liquidated damages provision in an agreement, section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes an award equal to the amount of interest, which is in addition to all other amounts awarded.  ERISA further provides that interest shall be determined by using the rate specified in the agreement, or if none is so specified, at the rate prescribed in section 6621 of the Internal Revenue Code.

9.      The Agreement and Declaration of Trust creating and governing the Health Fund and Annuity Fund provide for the payment of liquidated damages in the amount of ten percent (10%) of the delinquent contributions in the event that the employer fails to file remittance reports.

10.      The Agreement and Declaration of Trust creating and governing the Apprenticeship Fund provides for the payment of liquidated damages in the amount of twenty percent (20%) of the delinquent contributions in the event that the employer fails to file remittance reports.

11.      The Agreement and Declaration of Trust for the Health Fund and Annuity Fund provide that the rate of interest shall be assessed at the rate of eighteen percent (18%) per annum, from the date the contributions are due until paid or until the date of judgment, whichever is sooner.

12.      The Agreement and Declaration of Trust for the Apprentice Fund provides that interest will be assessed on delinquent contribution sat the greater of the legal rate prescribed under section 6621 of the Internal Revenue Code or the legal rate of interest in the State of Maryland, from the date the contributions are due until paid or until the date of judgment, whichever is sooner.  That rate, at all times relevant to this action, was ten percent (10%) annually.

13.      The Agreements and Declarations of Trust creating and governing the Funds provide that a contributing employer shall permit an audit of its payroll and business records, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

14.     The Agreements and Declarations of Trust creating and governing the Funds state that in the event an employer fails to submit a remittance report showing the number of hours worked by employees during a month, the Funds are permitted to estimate the amount of the contributions due by calculating the average of the monthly contributions paid by the employer for the last three months, or the last twelve months, whichever is greater, for which such contributions were paid.

### Count One
### Claim of Health Fund Against R.E.L. Schneider

15.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-14.

16.     R.E.L. Schneider has failed and refused to make required employee fringe benefit contributions due and owing to the Health Fund for hours worked by employees of R.E.L. Schneider for part of June, 2018, as well as July, 2018, and January, February and March 2019, and failed to pay employee fringe benefit contributions for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, April, May, part of June, August, October, November and December, 2018, in a timely manner.

17.     Based on the remittance reports filed by R.E.L. Schneider, R.E.L. Schneider owes to the Health Fund delinquent employee fringe benefit contributions in the amount of $39,226.98 for hours worked by employees of R.E.L. Schneider for June and July, 2018, and January, February and March, 2019.

18.     R.E.L. Schneider has not paid the employee fringe benefit contributions due and owing to the Health Fund for part of June, and July, 2018, and January, February and March, 2019, and owes interest in an amount to be determined on said contributions.

19.     R.E.L. Schneider has not paid the employee fringe benefit contributions due and owing to the Health Fund for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, April, May, part of June, August, October, November and December 2018, in a timely manner, and owes interest in the amount of $6,877.29 on said contributions.

20.     Based on the failure of R.E.L. Schneider to pay employee fringe benefit contributions for the prior months, the Health Fund believes that R.E.L. Schneider will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Health Fund prays:

a.      That this Court order R.E.L. Schneider to make all of its payroll and business records available to Plaintiff Health Fund's auditors to determine the exact amount owed for the months of June and July, 2018, and January, February and March, 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against R.E.L. Schneider in the amount of $39,226.98 for contributions due and owing for June and July, 2018, and January, February and March, 2019, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgment be entered against R.E.L. Schneider in the amount of $6,877.29 for interest due on the late-paid contributions owed for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, April, May, part of June, August, October, November, and December, 2018;

d.      That judgment be entered against R.E.L. Schneider in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of

judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date

such contributions are due and owing until the date of judgment;

   e.  That Plaintiff Health Fund be afforded post-judgment interest, reasonable

attorneys' fees and its costs;

   f.  And, further, that such other relief be granted as this Court deems just and proper.

**Count Two**
**Claim of Annuity Fund Against R.E.L. Schneider**

   21.  Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-

20.

   22.  R.E.L. Schneider has failed and refused to make required employee fringe benefit

contributions due and owing to the Annuity Fund for hours worked by employees of R.E.L.

Schneider for part of June, 2018, as well as July, 2018, and January, February and March 2019,

and failed to pay employee fringe benefit contributions for the months of January, February,

March, April, May, July, August, September, October and November, 2017, January, February,

March, April, May, part of June, August, October, November and December, 2018, in a timely

manner.

   23.  Based on the remittance reports filed by R.E.L. Schneider, R.E.L. Schneider owes

to the Annuity Fund delinquent employee fringe benefit contributions in the amount of

$13,943.78 for hours worked by employees of R.E.L. Schneider for June and July, 2018, and

January, February and March, 2019.

   24.  R.E.L. Schneider has not paid the employee fringe benefit contributions due and

owing to the Annuity Fund for part of June, and July, 2018, and January, February and March,

2019, and owes interest in an amount to be determined on said contributions.

25.     R.E.L. Schneider has not paid the employee fringe benefit contributions due and owing to the Annuity Fund for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, April, May, part of June, August, October, November and December, 2018, in a timely manner, and owes interest in the amount of $2,357.30 on said contributions.

26.     Based on the failure of R.E.L. Schneider to pay employee fringe benefit contributions for the prior months, the Annuity Fund believes that R.E.L. Schneider will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Annuity Fund prays:

a.     That this Court order R.E.L. Schneider to make all of its payroll and business records available to Plaintiff Annuity Fund's auditors to determine the exact amount owed for the months of June and July,2018, and January, February and March, 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against R.E.L. Schneider in the amount of $13,943.78 for contributions due and owing for June and July, 2018, and January, February and March, 2019, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgement be entered against R.E.L. Schneider in the amount of $2,357.30 for interest due on the late-paid contributions owed for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, April, May, part of June, August, October, November, and December, 2018;

d.     That judgment be entered against R.E.L. Schneider in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of

9

judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date such contributions are due and owing until the date of judgment;

  e.  That Plaintiff Annuity Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

  f.  And, further, that such other relief be granted as this Court deems just and proper.

**Count Three**
**Claim of Apprenticeship Fund Against R.E.L. Schneider**

  27.  Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-26.

  28.  R.E.L. Schneider has failed and refused to make required employee fringe benefit contributions due and owing to the Apprenticeship Fund for hours worked by employees of R.E.L. Schneider for part of June, 2018, as well as July, 2018, and January, February and March 2019, and failed to pay employee fringe benefit contributions for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, April, May, part of June, August, October, November and December, 2018, in a timely manner.

  29.  Based on the remittance reports filed by R.E.L. Schneider, R.E.L. Schneider owes to the Apprenticeship Fund delinquent employee fringe benefit contributions in the amount of $2,896.97 for hours worked by employees of R.E.L. Schneider for June and July, 2018, and January, February and March, 2019.

  30.  R.E.L. Schneider has not paid the employee fringe benefit contributions due and owing to the Apprenticeship Fund for part of June, and July, 2018, and January, February and March, 2019, and owes interest in an amount to be determined on said contributions.

31.     R.E.L. Schneider has failed to pay the employee fringe benefit contributions due and owing to the Apprenticeship Fund for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, April, May, part of June, August, October and November, 2018, in a timely manner, and owes interest in the amount of $507.77 on said contributions.

32.     Based on the failure of R.E.L. Schneider to pay employee fringe benefit contributions for the prior months, the Apprenticeship Fund believes that R.E.L. Schneider will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Apprenticeship Fund prays:

a.      That this Court order R.E.L. Schneider to make all of its payroll and business records available to Plaintiff Apprenticeship Fund's auditors to determine the exact amount owed for the months of June and July, 2018, and January, February and March, 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.      That judgment be entered against R.E.L. Schneider in the amount of $2,896.97 for contributions due and owing for June and July, 2018, and January, February and March, 2019, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.      That judgement be entered against R.E.L. Schneider in the amount of $507.77 for interest due on the late-paid contributions owed for the months of January, February, March, April, May, July, August, September, October and November, 2017, January, February, March, part of June, April, May, August, October and November, 2018;

d.      That judgment be entered against R.E.L. Schneider in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of

judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date

such contributions are due and owing until the date of judgment;

     e.     That Plaintiff Apprenticeship Fund be afforded post-judgment interest, reasonable

attorneys' fees and its costs;

     f.     And, further, that such other relief be granted as this Court deems just and proper.


May 6, 2019_____           /s/ Corey Smith Bott_____
Date                          Corey Smith Bott
                                 Bar No. 25673

                               /s/ Shauna Barnaskas_____
                               Shauna Barnaskas
                               Bar No. 16755
                               Abato, Rubenstein and Abato, P.A.
                               809 Gleneagles Court, Suite 320
                               Baltimore, Maryland 21286
                               (410) 321-0990

                               Attorneys for Plaintiffs