IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEET METAL WORKERS LOCAL 100
(BALTIMORE AREA) HEALTH AND *
WELFARE FUND *et al.*,
                                       *
    Plaintiffs
                                       *
v.
                                       *    CIVIL NO. JKB-19-1322
R.E.L. SCHNEIDER CO., INC.,
                                       *
    Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

### *I. Background*

This case was filed on May 6, 2019, against R.E.L. Schneider Co., Inc., alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(e). (Compl., ECF No. 1.) On July 22, 2019, Plaintiffs filed a document indicating they had made service on Defendant on May 9, 2019, which made Defendant's answer due on May 30, 2019. (ECF No. 7.) On the same day, Plaintiffs filed a motion for clerk's entry of default. (ECF No. 8.) Although Defendant interposed an objection to the motion on the ground it was not properly served (ECF No. 9), the Clerk entered default on July 23, 2019 (ECF No. 10). Almost immediately, Defendant filed a motion to vacate the default, again asserting it was not properly served. (ECF No. 13.) Plaintiffs oppose the motion (ECF No. 14), and Defendant has replied (ECF No. 21). No hearing is necessary. Local Rule 105.6 (D. Md. 2018). The motion will be granted.

## II. Standard for Vacating Entries of Default

Rule 55(c) of the Federal Rules of Civil Procedure permits a district court to set aside an entry of default for good cause. The Fourth Circuit has provided guidance as to how a district court determines whether good cause exists:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). Further, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010). Thus, both Rule 55(c) and Rule 60(b) "are to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). If any doubt exists as to whether relief should be granted, it is to be "resolved in favor of setting aside the default so that the case may be heard on the merits." *Id.*

## III. Analysis

The "proof of service" in this case asserts that service was made upon Defendant by mailing via certified mail, restricted delivery, return receipt requested to "R.E.L. Schneider Co., Inc., c/o Robert E.L. Schneider, Jr. Resident Agent, 4804 Curtis Avenue, Baltimore, Maryland 21226." (ECF No. 7-1.) However, Mr. Schneider was not the person who received the delivery. Instead, a Kenneth Knotts signed for delivery, but the return receipt does not show a checkmark in either of the boxes next to his name, thereby indicating he was either Mr. Schneider's or Defendant's agent, and he obviously was not the addressee. (*Id.*) Additionally, Defendant has filed an affidavit

2

stating, "Kenneth Knott [*sic*] is not authorized to sign for any mail on behalf of Robert E. L. Schneider, Jr. in his capacity as the resident agent for R. E. L. Schneider Co., Inc. or on behalf of R. E. L. Schneider Co., Inc. nor has he ever been authorized to do so." (ECF No. 21-1.) The affidavit is signed by "Robert E. L. Schneider, Jr., President [of] R. E. L. Schneider Co., Inc." (*Id.*) Defendant has also filed a printout of its business registration with the State of Maryland, and the printout shows the resident agent is Robert E. L. Schneider, Jr. (ECF No. 13-2.)

The Court concludes that Kenneth Knotts was not authorized to accept service of process on behalf of Defendant's registered agent and, therefore, that service was not properly made upon Defendant. Plaintiffs argue that the registered agent talked with their counsel about the case, thereby indicating Defendant had actual notice. Perhaps that is so but, given the Fourth Circuit's preference for resolving cases on their merits, and given the lack of prejudice to Plaintiffs in having to litigate their case as they envisioned from its beginning, the Court resolves any doubt as to whether relief should be granted in Defendant's favor.

## *IV. Conclusion*

In accordance with the foregoing, the Court GRANTS the motion (ECF No. 13) and VACATES the Clerk's Entry of Default (ECF No. 10). Plaintiffs may follow the procedure in Federal Rule of Civil Procedure 4(d) for requesting a waiver of service or they may effectuate proper service upon Defendant pursuant to Rule 4(h). Plaintiffs shall promptly file either the waiver, Rule 4(d)(4), or the proof of service, Rule 4(*l*). Service or waiver shall be effected within twenty-one days of the date of this order.

DATED this 19 day of August, 2019.

BY THE COURT:

James K. Bredar
Chief Judge